[Cite as *State ex rel. Dolgencorp, Inc. v. Indus. Comm.*, 130 Ohio St.3d 20, 2011-Ohio-4606.]

THE STATE EX REL. DOLGENCORP, INC., APPELLEE, *v.* INDUSTRIAL

COMMISSION OF OHIO ET AL., APPELLANTS.

[Cite as *State ex rel. Dolgencorp, Inc. v. Indus. Comm.*,

130 Ohio St.3d 20, 2011-Ohio-4606.]

*Workers' compensation—R.C. 4123.57(B)—Scheduled-loss compensation—Loss of vision—Effect of corrective surgery—*State ex rel. Baker v. Coast to Coast Manpower, L.L.C., *followed.*

(No. 2010-0124—Submitted August 8, 2011—Decided September 15, 2011.)

APPEAL from the Court of Appeals for Franklin County, No. 08AP-1014,

2009-Ohio-6565.

_____

**Per Curiam**.

{¶ 1} Appellant Joanne R. Simpson seeks compensation pursuant to R.C. 4123.57(B) for a total loss of left-eye vision. Simpson splashed bleach in her left eye while working for appellee, Dolgencorp, Inc. (a.k.a. Dollar General). The eye was copiously flushed at the emergency room, and several medications for inflammation were prescribed.

{¶ 2} Simpson lost little vision as a result of the accident, with three doctors assessing her loss at 5 percent. She did, however, experience other complications as a result of the accident, including light sensitivity, tearing, excessive blinking, glare phenomena, and reduced depth perception.

{¶ 3} In 2007, Simpson became a candidate for a corneal transplant. After the procedure was performed, Simpson's left-eye vision was 20/80 uncorrected and 20/60 corrected.

{¶ 4} Simpson requested scheduled-loss compensation under R.C. 4123.57(B), alleging that she had sustained a total loss of vision in her left eye

due to the removal of her cornea. A staff hearing officer for appellant, Industrial Commission of Ohio, agreed:

{¶ 5} "The Staff Hearing Officer finds the injured worker sustained an injury to her left eye as the result of a chemical splash in her eye. Following treatment, it was determined that the injured worker needed a lens [sic, 'cornea'] transplant. The [cornea] was surgically removed on 08/28/2007. The surgical removal of the [cornea] resulted in a total loss of use of the left eye. Therefore, a total loss of use is awarded consistent with O.R.C. 4123.57(B)."

{¶ 6} Further appeal was refused.

{¶ 7} Dolgencorp filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion in awarding compensation for a total loss of vision. The court of appeals agreed and issued a writ that ordered the commission to vacate its order and to issue a new one that denied compensation for total loss of vision.

{¶ 8} Simpson and the commission now appeal to this court as of right.

{¶ 9} Pursuant to *State ex rel. Baker v. Coast to Coast Manpower, L.L.C.*, 129 Ohio St.3d 138, 2011-Ohio-2721, 950 N.E.2d 924, the judgment of the court of appeals is affirmed.

Judgment affirmed.

LUNDBERG STRATTON, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

O'CONNOR, C.J., and PFEIFER and MCGEE BROWN, JJ., dissent for the reasons stated in the dissenting opinion in *State ex rel. Baker v. Coast to Coast Manpower, L.L.C.*, 129 Ohio St.3d 138, 2011-Ohio-2721, 950 N.E.2d 924.

_____

Reminger Co., L.P.A., and Mick L. Proxmire, for appellee.

Michael DeWine, Attorney General, and Charissa D. Payer, Assistant Attorney General, for appellant Industrial Commission of Ohio.

Philip J. Fulton Law Office, Ross R. Fulton, and Philip J. Fulton, for appellant Joanne R. Simpson.

_____